1  **GUTRIDE SAFIER LLP**
   SETH A. SAFIER (State Bar No. 197427)
2    seth@gutridesafier.com
   MARIE A. MCCRARY (State Bar No. 262670)
3    marie@gutridesafier.com
   HAYLEY REYNOLDS (State Bar No. 306427)
4    hayley@gutridesafier.com
   RAJIV V. THAIRANI (State Bar No. 344390)
5    rajiv@gutridesafier.com
   100 Pine Street, Suite 1250
6  San Francisco, CA 94111
   Telephone: (415) 639-9090
7  Facsimile:  (415) 449-6469

8  *Attorneys for Plaintiff*
   *Lydia Harville*

9
                    UNITED STATES DISTRICT COURT FOR THE
10
                      NORTHERN DISTRICT OF CALIFORNIA
11

12 | LYDIA HARVILLE, an individual, on | CASE NO. 5:22-cv-04774-EJD
   | behalf of herself, the general public, and |
13 | those similarly situated, | **PLAINTIFF'S OPPOSITION TO**
   | | **DEFENDANT'S MOTION TO STAY**
14 |                    Plaintiff, |
   | | DATE:        July 13, 2023
15 |      v. | TIME:        9:00 a.m.
   | |
16 | THREE WISHES FOODS, INC., | Hon. Edward Davila
   | |
17 |                    Defendant. |

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...............................................................................................1

II.     BACKGROUND .................................................................................................3

III.    ARGUMENT .......................................................................................................4

        A.      Neither *Nacarino* Nor *Davidson* Will Resolve Plaintiff's Misleading-By-Omission Claim.................................................................................................4

        B.      Neither *Nacarino* Nor *Davidson* Have "Imminently Forthcoming" Decisions.........................................................................................................7

        C.      The *Davidson* Appeal Does Not Warrant a Stay. .........................................9

        D.      *Nacarino* Does Not Warrant a Stay. ...........................................................12

        E.      A Stay Will Harm Plaintiff. .........................................................................12

        F.      Defendant Has Not Demonstrated That It Will Suffer the Kind of Hardship Sufficient to Prevent This Case from Moving Forward..............................13

        G.      Defendant Has Not Met Its Burden to Show This Is a "Rare" Circumstance.................................................................................................14

IV.     CONCLUSION .................................................................................................15

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

*Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*, 2018 U.S. Dist. LEXIS
110477 (N.D. Cal. July 2, 2018) ........................................................................ 4

4

*Aldapa v. Fowler Packing Co.*, 2016 U.S. Dist. LEXIS 145746 (E.D. Cal. Oct. 19,
2016) ................................................................................................................. 13

5

*Bradberry v. T-Mobile USA, Inc.*, No. C 06-6567 CW, 2007 U.S. Dist. LEXIS
58801 (N.D. Cal. Aug. 2, 2007) ................................................................. 12, 14

6

*Brandt v. Ocwen Loan Servicing, LLC*, No. 1:17-cv-00643-DAD-EPG, 2017 U.S.
Dist. LEXIS 196364 (E.D. Cal. Nov. 29, 2017) ......................................... 7, 12

7

*Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001). ......................... 2, 10

8

*Bumpus v. U.S. Fin. Life Ins. Co.*, 2021 U.S. Dist. LEXIS 153154 (N.D. Cal. Aug.
12, 2021) ............................................................................................................. 9

9

*Cabiness v. Educ. Fin. Sols., LLC*, No. 16-cv-01109-JST, 2017 U.S. Dist. LEXIS
6304 (N.D. Cal. Jan. 17, 2017). ....................................................................... 13

10

*Corbett v. Pharmacare U.S., Inc.*, 567 F. Supp. 3d 1172 (S.D. Cal. 2021) ............ 10

11

*Daugherty v. SolarCity Corp.*, 2017 U.S. Dist. LEXIS 11838 (N.D. Cal. Jan. 26,
2017) ................................................................................................................... 8

12

*Davidson v. Sprout Foods Inc.*, No. 2022-16656 (9th Cir. 2022)............................. 5

13

*Davidson v. Sprout Foods Inc.*, No. 22-cv-01050-RS, 2022 U.S. Dist. LEXIS
192450 (N.D. Cal. Oct. 21, 2022) .................................................................. 1, 5

14

*DBD Credit Funding LLC v. Silicon Labs., Inc.*, 2016 U.S. Dist. LEXIS 162930
(N.D. Cal. Nov. 23, 2016) ................................................................................ 14

15

*De Keczer v. Tetley USA, Inc.*, No. 5:12-CV-02409-EJD, 2014 U.S. Dist. LEXIS
121465 (N.D. Cal. Aug. 28, 2014) .............................................................. 2, 10

16

*Delacruz v. Cytosport, Inc.*, No. C 11-3532 CW, 2012 U.S. Dist. LEXIS 90847
(N.D. Cal. June 28, 2012) ................................................................................. 11

17

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059 (9th Cir.
2007) ................................................................................................................. 13

18

*Doherty v. Comenity Capital Bank*, 2017 U.S. Dist. LEXIS 224244 (S.D. Cal. July
11, 2017) ............................................................................................................. 9

19

*Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096 (N.D. Cal. 2016)..................... 8, 13

20

*Farm Raised Salmon Cases*, 175 P.3d 1170 (Cal. 2008). ................................... 2, 10

21

*Gina Park v. Knudsen & Sons, Inc.*, No. CV 14-7845-DMG (JPRx), 2015 U.S.
Dist. LEXIS 189227 (C.D. Cal. Sep. 25, 2015) ............................................... 10

22

*Globalmedia Grp. LLC v. Logitech Inc.*, No. 5:11-CV-00778-EJD, 2012 U.S. Dist.
LEXIS 97882 (N.D. Cal. July 13, 2012).............................................................. 9

23

*Hansen Bev. Co. v. Innovation Ventures, LLC*, No. 08-CV-1166-IEG (POR), 2009
U.S. Dist. LEXIS 127605 (S.D. Cal. Dec. 22, 2009)....................................... 11

24

*Hawkins v. Kroger*, 906 F.3d 763 (9th Cir. 2018) ................................................... 6

25

*Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917 (N.D. Cal. 2014) .......................... 10

26

27

28

*Hesano v. Iovate Health Scis., Inc.*, No. 13cv1960-WQH-JMA, 2014 U.S. Dist. LEXIS 5924 (S.D. Cal. Jan. 15, 2014) ............................................................... 10

*In re LinkedIn ERISA Litig.*, No. 5:20-cv-05704-EJD, 2022 U.S. Dist. LEXIS 6347 (N.D. Cal. Jan. 12, 2022) ............................................................................. 1, 4

*Izor v. Abacus Data Systems, Inc.*, 2019 U.S. Dist. LEXIS 130865 (N.D. Cal. Aug. 5, 2019). ............................................................................................... 14, 15

*J. P. v. Cty. of Alameda*, 2018 U.S. Dist. LEXIS 136651 (N.D. Cal. Aug. 13, 2018). ................................................................................................................ 13

*Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 U.S. Dist. LEXIS 98752 (N.D. Cal. July 12, 2013) .............................................................................. 5

*Landis v. North American Company*, 299 U.S. 248 (1936). .................................. passim

*Lathrop v. Uber Techs., Inc.*, 2016 U.S. Dist. LEXIS 2490 (N.D. Cal. Jan. 8, 2016) ........... 9, 13

*Leiva–Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011) ............................................. 2

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1979) ...................... 7

*Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) ....................................... 13

*Loreto v. P&G*, 515 F. App'x 576 (6th Cir. 2013) .................................................. 5

*Martin v. Tradewinds Bev. Co.*, No. CV 16-9249 PSG-MRW, 2017 U.S. Dist. LEXIS 214501 (C.D. Cal. Sep. 5, 2017) .................................................... 10

*McClellan v. I-Flow Corp.*, 776 F.3d 1035 (9th Cir. 2015). .................................... 2

*McMillion v. Rash Curtis & Assocs.*, 2018 U.S. Dist. LEXIS 101700 (N.D. Cal. June 18, 2018). ........................................................................................... 4

*Mendez v. Optio Sols., LLC,* 239 F. Supp. 3d 1229 (S.D. Cal. 2017). ............. 1, 4, 7, 8

*Montegna v. Ocwen Loan Servicing, LLC*, 2017 U.S. Dist. LEXIS 172713 (S.D. Cal. Oct. 8, 2017) ........................................................................................ 9

*Nacarino v. Kashi Co.*, 584 F. Supp. 3d 806 (N.D. Cal. 2022) .............................. 1

*Nexus Pharmaceuticals, Inc., v. Central Admixture Pharmacy Services, Inc.*, 48 F.4th 1040 (9th Cir. 2022) ................................................................................ 11

*POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102 (2014). .............................. 11

*Rausch v. Flatout, Inc.*, No. 22-cv-04157-VC, 2023 U.S. Dist. LEXIS 39231 (N.D. Cal. Mar. 8, 2023). ........................................................................... 6, 7, 10

*Reid v. Johnson & Johnson*, 780 F.3d 952 (9th Cir. 2015) .................................... 6

*Roffman v. REBBL, Inc.*, No. 22-cv-05290-JSW, 2023 U.S. Dist. LEXIS 16166 (N.D. Cal. Jan. 31, 2023) ........................................................................... 10

*Ross v. Clover Stornetta Farms*, No. C -13-01517 EDL, 2014 U.S. Dist. LEXIS 5408 (N.D. Cal. Jan. 14, 2014) ...................................................................... 11

*Sciortino v. PepsiCo, Inc*., 108 F. Supp. 3d 780 (N.D. Cal. 2015) ......................... 10

*Siino v. Foresters Life Ins. & Annuity Co.*, 2020 U.S. Dist. LEXIS 178709 (N.D. Cal. Sept. 1, 2020) ........................................................................................... 8

*Stengel v. Medtronic, Inc.*, 704 F.3d 1224 (9th Cir. 2013) .............................. 10, 12

*Swearingen v. Santa Cruz Nat., Inc*., No. 13-cv-04291-SI, 2016 U.S. Dist. LEXIS 109432 (N.D. Cal. Aug. 17, 2016) ................................................................ 10

*Vassigh v. Bai Brands LLC*, 2015 U.S. Dist. LEXIS 90675 (N.D. Cal. 2015). ...................... 2, 10

**STATUTES**

21 C.F.R. § 101.13(n) ........................................................................................................... 6

21 C.F.R. § 101.9(b) ............................................................................................................ 6

21 C.F.R. § 101.9(c)(7)(i) ................................................................................................... 6

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY
CASE NO. 5:22-CV-04774-EJD

## I.      INTRODUCTION

Defendant Three Wishes Foods, Inc. moves to stay this litigation for years pending a final decision in two separate appeals. *Nacarino v. Kashi Co.*, 584 F. Supp. 3d 806, 807 (N.D. Cal. 2022) (Chhabria, J.) and *Brown v. Kellogg Co.*, No. 21-cv-07388-VC, 2022 U.S. Dist. LEXIS 62792, at *1 (N.D. Cal. Apr. 1, 2022) (Chhabria, J.) (consolidated and collectively referred to as "*Nacarino*") and *Davidson v. Sprout Foods Inc.*, No. 22-cv-01050-RS, 2022 U.S. Dist. LEXIS 192450 (N.D. Cal. Oct. 21, 2022) (Seeborg, J.). But its Motion admits that the appeals relate to only *three* out of Plaintiff's *five* separate theories of liability. ECF 34 at 4 (the appeals "will decide the viability of *three* liability theories advanced by Harville"). Thus, even if both appeals resolve in Defendant's favor, which is unlikely, Defendant does not dispute that *two* of Plaintiff's claims—her misleading-by-omission claim, and her claim that the "more protein" label is deceptive—will be unaffected. This Court has previously held that a stay is inappropriate when an appeal will not "be determinative of *all* of Plaintiff['s]" claims because it will not have a "definitely dispositive effect on this action." *In re LinkedIn ERISA Litig.*, No. 5:20-cv-05704-EJD, 2022 U.S. Dist. LEXIS 6347, at *6 (N.D. Cal. Jan. 12, 2022) (Davila, J.) (emphasis added). Therefore, a stay is inappropriate when "other issues would remain ripe for consideration, discovery, and resolution." *Mendez v. Optio Sols., LLC*, 239 F. Supp. 3d 1229, 1234 (S.D. Cal. 2017). That is the case here, and thus, sufficient reason by itself to deny Defendant's Motion out of hand.

Moreover, case law is clear that a stay pending appeal in a separate case is appropriate only if a decision is "imminently forthcoming." *Landis v. North American Company*, 299 U.S. 248, 255 (1936). *Nacarino* has not been argued, and *Davidson* has not been fully briefed. Thus, neither decision is even "forthcoming" at this point, let alone "imminently" so. Indeed both decisions are at least a year or more away. That is also sufficient reason to deny the Motion.

In any event, a stay pending *Davidson* is not warranted because that appeal is highly unlikely to require dismissal of either of Plaintiff's claims based on California's Sherman Food and Drug Law (the "Sherman Law"). *Cf. Leiva–Perez v. Holder*, 640 F.3d 962, 964–70 (9th Cir.

2011) (stay pending an appeal not justified absent "a strong showing that [the movant] is likely to succeed on the merits" of the appeal).  In *Davidson*, Judge Seeborg issued an outlier opinion holding that the FDCA impliedly preempts California's Sherman Law because it creates state food labeling requirements by referencing those set forth in the FDCA rather than writing out the state requirements line-by-line. Judge Seeborg did so based on an idiosyncratic application of the Supreme Court's decision in *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001). But district courts in this Circuit have "routinely reject[ed]" the argument that "*Buckman* justifies [implied] preemption of food labeling claims under the Sherman Law." *Vassigh v. Bai Brands LLC*, 2015 U.S. Dist. LEXIS 90675, *12-13 (N.D. Cal. 2015). Indeed more than *twenty courts* in this Circuit have done so, including this Court. *De Keczer v. Tetley USA*, Inc., No. 5:12-CV-02409-EJD, 2014 U.S. Dist. LEXIS 121465, at *14 (N.D. Cal. Aug. 28, 2014) (Davila, J.); *see also infra*, n.1 (collecting cases). So too has the California Supreme Court. *Farm Raised Salmon Cases*, 175 P.3d 1170, 1176–77 (Cal. 2008). And, although the Ninth Circuit has not yet addressed the issue in the Sherman Law context, it has already held that "*Buckman* . . . left the door open to state-law claims 'parallel' to federal requirements" even if those claims simply "borrow" the federal requirements. *McClellan v. I-Flow Corp.*, 776 F.3d 1035, 1040–41 (9th Cir. 2015). As a result the Ninth Circuit is almost certain to adopt the consensus approach to implied preemption rather than affirm *Davidson*. And there is certainly no point in staying the entire case on the off-chance that the Ninth Circuit might adopt the outlier position, particularly where the claim is based on the exact same conduct as two of her fraud-based claims that will not be resolved by any appeal, meaning that the same discovery will take place no matter what.

A stay pending *Nacarino* is similarly unwarranted because Plaintiff has already stated that she is not contesting dismissal of the sole claim to which that appeal relates. ECF 21 at 4. Plaintiff has stated she alleged the claim "solely to preserve it should the Ninth Circuit reverse." *Id*. And, if that occurs, she can file a motion to bring that claim back into the case at that time. There is also no reason to stay the pursuit of valid claims just to determine if Plaintiff *might* eventually be

able to assert *another* claim too, and, again, particularly when that claim will largely overlap the discovery of claims that will be unresolved by the appeals.

Finally, the Defendant's only purported "harm" in proceeding is "expending resources," which courts have long held is not sufficient to justify a stay. On the other hand, courts have long held that stays prejudice a Plaintiff, not only because of a delay in having her day in court, but also because it makes reaching potential class members more difficult and increases the risk that evidence will dissipate. It also harms Plaintiff's request for injunctive relief, which would allow Defendant to continue to profit from its unlawful conduct for years unabated. Although Defendant asserts that the challenged labels are solely "historic"—that is, as yet, unverified, and regardless, voluntary cessation of a challenged practice is irrelevant since, absent an injunction, they could resume the practice at any point.

The Supreme Court has made clear that a stay pending the resolution of an appeal in another case is appropriate only in "rare circumstances." *Landis*, 299 U.S. at 255. This is not one of those "rare circumstances." The Court should deny the Motion.

## II.    BACKGROUND

Defendant's Motion discusses only *three* out of Plaintiff's *five* separate theories of liability. The five claims fall into two broad categories: Plaintiff's two theories that Defendant's labels are unlawful in violation of the Sherman Law; and Plaintiff's three theories that Defendant's labels are separately misleading in violation of various California false advertising prohibitions. *See* ECF 21 at 8–9, 14–15, 17 (discussing the two unlawfulness theories and the three deception theories). Defendant's Motion discusses the two unlawfulness theories, and only one of the fraud-based theories. The two fraud-based theories Defendant ignores are the claims that (1) Defendant's front label protein claims are misleading due to the omission of the required statement of the corrected amount of protein per serving in the NFP, which reflects the protein's quality and is expressed as a %DV; and (2) that Defendant's "more protein" label is deceptive due to the product's fortification with poor quality protein sources. *Id.* at 16–17. These two fraud-based claims arise out of the same conduct as the two unlawful prong claims. In other words,

Plaintiff alleges that the conduct is both unlawful in and of itself, and also independently actionable as misleading. As noted above, Plaintiff asserted her third fraud-based theory, which is the same as the claim that was at issue in *Nacarino*, solely to preserve it should the Ninth Circuit reverse.

## III.    ARGUMENT

A stay pending the appeal of another case is suitable only in "rare circumstances." *Landis*, 299 U.S. at 255. In contemplating such a stay, "a court may consider whether (i) a final result is imminently forthcoming; (ii) the impending decision would have an impact on the issues raised in the instant matter; (iii) the moving party demonstrates hardship in moving forward; and (iv) a stay will prejudice the non-moving party." *Abante Rooter & Plumbing, Inc. v. Alarm.com Inc.*, 2018 U.S. Dist. LEXIS 110477, at *5–6 (N.D. Cal. July 2, 2018); *see also McMillion v. Rash Curtis & Assocs.*, 2018 U.S. Dist. LEXIS 101700, at *9 (N.D. Cal. June 18, 2018). The burden is on the movant to establish the stay is appropriate. *See Landis*, 299 U.S. at 255-66.

### A.    Neither *Nacarino* Nor *Davidson* Will Resolve Plaintiff's Misleading-By-Omission Claim.

As this Court has previously recognized, it is improper to stay a case pending the resolution of appeals in separate cases where they will not "be determinative of all of Plaintiff['s]" claims in the instant case, and thus, ultimately will have no "dispositive effect on this action." *In re LinkedIn ERISA Litig.*, 2022 U.S. Dist. LEXIS 6347, at *6 (Davila, J.); *see also McMillion*, 2018 U.S. Dist. LEXIS 101700, at *10–11 (denying motion to stay when the claims were not limited to those at issue in the appeal); *Mendez*, 239 F. Supp. 3d at 1234  ("[I]t is unclear what impact the D.C. Circuit's decision would have on the issues raised in this matter."). That is the case here, because neither appeal will address, let alone resolve, Plaintiff's misleading-by-omission claim based on Defendant's failure to include the %DV in the NFP or Plaintiff's claim that Defendant's "more protein" label is independently deceptive.

*Davidson* is not relevant to either claim. The sole issue in that case—which has nothing to do with protein claims or protein fortification—is whether the FDCA impliedly preempts claims under California's Sherman Law. *Davidson v. Sprout Foods Inc.*, No. 2022-16656 (9th

Cir. 2022); *see Davidson*, 2022 U.S. Dist. LEXIS 192450, at *11–12 .But Plaintiff's claims that the "more protein" label and omission of the %DV are *deceptive* (as opposed to unlawful) are not based on the Sherman Law. They are instead based on California's longstanding prohibitions on false advertising, including the FAL, CLRA, UCL, and common law fraud. ECF 21 at 17. So even if the Ninth Circuit adopts Judge Seeborg's idiosyncratic position that the Sherman Law is preempted because it adopts the federal food labeling requirements by reference, California's false advertising laws do not violate that rule. They are traditional state tort laws that pre-date the FDCA and impose parallel state requirements without adopting the federal requirements by reference. *See Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 U.S. Dist. LEXIS 98752, at *49–50 (N.D. Cal. July 12, 2013) (California consumer protection statutes escape *Buckman* because "Plaintiff is not 'suing *because* Defendant's labeling violates the FDCA,' but rather because Defendant's labeling is allegedly deceptive and misleading in violation of California law") *accord Loreto v. P&G*, 515 F. App'x 576, 579 (6th Cir. 2013) (plaintiffs' deception "claims under state consumer-protection laws" rely "solely on traditional state tort law predating the FDCA, and would exist in the absence of the Act").

  *Nacarino* is similarly irrelevant to either claim. It does not address whether fortification of a product with low quality proteins is deceptive, and therefore will not resolve in any form or fashion Plaintiff's "more protein" claims. And, although *Nacarino* does involve the issue of whether the FDCA expressly preempts a claim that a front label protein claim is deceptive, it is based on a different theory of liability than Plaintiff's misleading-by-omission claim here. *Nacarino*'s theory was that a front-label protein quantity claim calculated via the nitrogen-content method was misleading in and of itself on low quality protein products. 584 F. Supp. 3d at 809–811. Although the court acknowledged that the claim was "colloquially" misleading, it held that the FDCA expressly preempted challenging it because FDA regulations "authorize the nitrogen-content method . . . when stating the amount of protein *in the Nutrition Facts label*." *Id.* at 809–810 (emphasis added). That holding likely violates the Ninth Circuit's rule that even a "'requirement to state certain facts in the nutrition label is *not a license to make that statement*

*elsewhere* on the product.'" *Hawkins v. Kroger*, 906 F.3d 763, 767 (9th Cir. 2018) (emphasis in original, quoting *Reid v. Johnson & Johnson*, 780 F.3d 952, 962 (9th Cir. 2015)). But even if the Ninth Circuit upholds *Nacarino*, that has no impact on Plaintiff's claim here that the front label protein claim is misleading due to the omission of the statement of the corrected amount of protein per serving in the NFP expressed as a %DV. That claim cannot be expressly preempted because, regardless of calculation methodologies, FDA regulations are clear that products cannot make *any* protein claims in the absence of the %DV. 21 C.F.R. §§ 101.9(c)(7)(i), 101.13(n) & (b).

Indeed, Judge Chhabria, who authored *Nacarino*, recently recognized this distinction in a subsequent case holding that a virtually identical misleading-by-omission claim was *not* expressly preempted. *Rausch v. Flatout, Inc.*, No. 22-cv-04157-VC, 2023 U.S. Dist. LEXIS 39231, at *12 (N.D. Cal. Mar. 8, 2023). He explained that *Nacarino* "was different in one crucial respect: there were no allegations that [defendant] failed to include the quality-adjusted percent on the cereal's nutrition facts panel." *Id.* "[T]he only question in [*Nacarino*] was whether making a statement about protein quantity on the front of the package—without including a disclaimer about protein quality also on the front of the package—violated the FDA's prohibition on misleading statements in and of itself." *Id.* Since FDA regulations prohibit "statements about the products' protein content" when a product's "nutrition facts panels are out of compliance with section 101.9['s]" %DV requirements, the misleading-by-omission claim was "identical to the federal labeling requirements" and, thus, not preempted. *Id.* at 8–9; 18–19.

Moreover, after analyzing the FDA's statutory authority to implement the regulations in question here, the Court determined that "the FDA the imposed this [%DV] requirement under its authority to regulate misleading labels, found in section 343(A)" of the FDCA. *Id.* at 16. As the Court reasoned, "it's reasonable to think that small text in the nutrition facts panel is less likely to mislead a consumer than text advertising the protein content on the front of a label. When a manufacturer chooses to emphasize a product's protein content elsewhere the manufacturer is implicitly suggesting that the product is a good source of protein . . . [and] encouraging consumers to buy the product based on that feature." *Id.* at 12. Thus, the court concluded that "the FDA has

determined that when a manufacturer makes a protein claim, the manufacturer must include additional information about the protein's quality or else the labeling is misleading." *Id.* at *17–18. Otherwise, "its unclear what authority it would have to require manufacturers to include the quality-adjusted percent." *Id.* at *18.

Defendant's Motion admits that *Nacarino* and *Davidson* "will decide the viability of [only] three liability theories," and that the appeals will have no dispositive impact on the two claims discussed in this section. ECF 34 at 1, 4. As a result, there is no reason to stay this case when "other issues would remain ripe for consideration, discovery, and resolution." *Mendez*, 239 F. Supp. 3d at 1234; *Brandt v. Ocwen Loan Servicing, LLC*, No. 1:17-cv-00643-DAD-EPG, 2017 U.S. Dist. LEXIS 196364, at *10-11 (E.D. Cal. Nov. 29, 2017) ("Regardless of how the pending appeal . . . is decided, the parties here will be required to engage in discovery . . . with respect to plaintiffs' other causes of action, which include state law claims such as negligence and violations of the Rosenthal Act.").

### B.   Neither *Nacarino* Nor *Davidson* Have "Imminently Forthcoming" Decisions.

The Ninth Circuit has made clear that a stay should not be granted without a distinct likelihood that the other proceedings will be *concluded* within a reasonable time. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). So important is the timeliness of resolution that the Supreme Court has remanded a case to the district court *primarily* based on whether a stay pending an appeal would result in undue delay. *Landis*, 299 U.S. at 258; *see also Leyva*, 593 F.2d at 864 (remanding to lower court holding "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."). Here a decision in either *Nacarino* or *Davidson* is far from imminent, and is likely years away.

The Ninth Circuit itself estimates that it takes 12-20 months from the notice of appeal to oral argument. *See* https://cdn.ca9.uscourts.gov/datastore/general/2016/12/01/FAQ_General.pdf. Even *after* oral argument, the Ninth Circuit estimates it will take up to *another year* to issue an opinion. *Id.* In addition, should either party request a rehearing or a rehearing en banc, such a

decision will add several more months. *Id.* The median time from notice of appeal to decision in the Ninth Circuit is just shy of three years. *See* https://www.uscourts.gov/statistics/table-b-4a/judicial-business/2017/09/30. That also does not include further appellate proceedings at the Supreme Court, which could also easily take years. *See Mendez*, 239 F. Supp. 3d at 1233 ("[W]hatever the outcome [at the D.C. Circuit], appeal is likely and will further delay proceedings until a final determination is made by the U.S. Supreme Court.").

Since decisions in *Nacarino* and *Davidson* are likely a year or more away, neither is "imminently forthcoming" and the Court should deny the stay request. *See Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1101 (N.D. Cal. 2016) (denying a stay as indefinite because there was "no certain way to determine when [an appellate] ruling will be forthcoming"). *Davidson* has not been fully briefed, let alone set for oral argument, so it cannot justify a stay. *See Siino v. Foresters Life Ins. & Annuity Co.*, 2020 U.S. Dist. LEXIS 178709, at *27 (N.D. Cal. Sept. 1, 2020) (finding the existence of a briefing schedule is not significant evidence that a judicial opinion will be issued soon). And, although *Nacarino* has been set for oral argument in May, as explained above, according to the Ninth Circuit's own guidance that decision is still likely over a year away, and thus, cannot justify a stay. *See Daughtery v. SolarCity Corp.*, 2017 U.S. Dist. LEXIS 11838, at *4 (N.D. Cal. Jan. 26, 2017) ("A decision in *Morris* remains many months, perhaps even more than a year away. Given the extent of that possible delay, a stay is not warranted."). Indeed, multiple courts have held that even where "briefing and oral arguments in the appeal are [] complete"—which is not true for either *Nacarino* or *Davidson*—"it is ***far*** from guaranteed that a final result in [the appeal] is imminently forthcoming." *Mendez*, 239 F. Supp. 3d at 1233 (emphasis in original);

Defendant nevertheless asserts that the "stay is necessarily of limited duration and will last only while the *Nacarino/Brown* and *Davidson* appeals are pending." ECF 34 at 6. But its artful use of "limited duration" ignores the time necessary for routine extensions, conducting oral arguments, and for the Ninth Circuit to render an opinion—all of course, assuming the case does not settle before then. *See Lathrop v. Uber Techs., Inc.*, 2016 U.S. Dist. LEXIS 2490, *4–5 (N.D.

Cal. Jan. 8, 2016) (holding that while briefing schedule has been set, neither the parties nor the court could forecast when the appellate court would issue a decision). It also does not take into account any potential en banc proceedings, or petitions for certiorari. *See Montegna v. Ocwen Loan Servicing, LLC*, 2017 U.S. Dist. LEXIS 172713, at *13–14 (S.D. Cal. Oct. 8, 2017) (resolution not "imminent" despite completion of oral argument because losing side could still appeal to Supreme Court); *Doherty v. Comenity Capital Bank*, 2017 U.S. Dist. LEXIS 224244, at *7 (S.D. Cal. July 11, 2017) (same); *cf. Bumpus v. U.S. Fin. Life Ins. Co.*, 2021 U.S. Dist. LEXIS 153154, at *5 (N.D. Cal. Aug. 12, 2021) (granting stay where oral arguments had been held and internal guidelines provided for disposition within 90 days). In short, Defendant's assertion that the stay will be of "limited duration" is no more than wishful thinking.

### C.    The *Davidson* Appeal Does Not Warrant a Stay.

Defendant's only justification for a stay based on *Davidson* is that it will "prevent the risk of Three Wishes having to engage in discovery, expert work, and motion practice regarding Unlawful Claims that the Ninth Circuit may well decide are impliedly preempted." ECF 23 at 2. But Defendant wholly fails to explain what discovery and expert work would be avoided. Plaintiff's claims that Defendant's protein labeling is misleading due to the omission of the %DV and that its "more protein" claim is misleading due to fortification with poor quality proteins— neither of *Davidson* addresses—will require the *exact same* discovery as her claims that *the same* conduct is *also unlawful*. Indeed, if anything, the deception claims will likely require more discovery since Plaintiff has to establish not only that the conduct violated specific regulations, but was also likely to mislead a significant portion of reasonable consumers. Defendant's assertion of "avoided" work has no basis in reality.

Moreover, *Davidson* is an aberration of law and the chances of this Court or the Ninth Circuit adopting its rationale are exceedingly slim. *See Globalmedia Grp. LLC v. Logitech Inc.*, No. 5:11-CV-00778-EJD, 2012 U.S. Dist. LEXIS 97882, at *6 (N.D. Cal. July 13, 2012) (Davila, J.) (denying stay pending appeal in *the same case* where the defendant "failed to meet its burden here of showing that its appeal will make a 'substantial case for relief on the merits'"). This Court

already addressed implied preemption of Sherman Law claims in *De Keczer* and rejected the argument from *Davidson* that the Sherman Law is an attempt to privately enforce the FDCA itself, even in light of the Supreme Court's decision in *Buckman*. 2014 U.S. Dist. LEXIS 121465, at *13–17. As this Court explained, "Plaintiff's action is based on the Sherman Law, a parallel state law that mirrors the relevant section of the FDCA and the NLEA"; she was "not suing on the basis that Defendant's conduct violates the FDCA." *Id.* at 14, 17. Since "the Ninth Circuit has held that the FDCA 'does not preempt a state-law claim for violating a state-law duty that parallels a federal-law duty under the [FDCA],'" this Court concluded that Sherman Law claims were not impliedly preempted. *Id.* at 16–17 (quoting *Stengel v. Medtronic, Inc.*, 704 F.3d 1224, 1228 (9th Cir. 2013) (en banc)). More than *twenty* district courts and the California Supreme Court have all concluded the same. [1]

---

[1] *Farm Raised Salmon Cases*, 175 P.3d at 1176–77; *Roffman v. REBBL, Inc.*, No. 22-cv-05290-JSW, 2023 U.S. Dist. LEXIS 16166, at *11 (N.D. Cal. Jan. 31, 2023); *Rausch*, 2023 U.S. Dist. LEXIS 39231, at *9, n.3 (Chhabria, J.); *Corbett v. Pharmacare U.S., Inc.*, 567 F. Supp. 3d 1172, 1193 (S.D. Cal. 2021) (Curiel, J.); *In re Trader Joe's Tuna Litig.*, 289 F. Supp. 3d 1074, 1084-85 (C.D. Cal. Oct. 3, 2017) (Wright, J.); *Martin v. Tradewinds Bev. Co.*, No. CV 16-9249 PSG-MRW, 2017 U.S. Dist. LEXIS 214501, at *9–10 (C.D. Cal. Sep. 5, 2017) (Gutierrez, J.); *Swearingen v. Santa Cruz Nat., Inc.*, No. 13-cv-04291-SI, 2016 U.S. Dist. LEXIS 109432, at *20 (N.D. Cal. Aug. 17, 2016) (Illston, J.); *Sciortino v. PepsiCo, Inc.*, 108 F. Supp. 3d 780, 807–08 (N.D. Cal. 2015) (Chen, J.); *Sandoval v. Pharmacare US, Inc.*, 145 F. Supp. 3d 986, 995 (S.D. Cal. 2015) (Huff, J.); *Vassigh*, 2015 U.S. Dist. LEXIS 90675, at *12–16 (Gilliam, J.); *Gina Park v. Knudsen & Sons, Inc.*, No. CV 14-7845-DMG (JPRx), 2015 U.S. Dist. LEXIS 189227, at *12 (C.D. Cal. Sep. 25, 2015) (Gee, J.); *De Keczer*, 2014 U.S. Dist. LEXIS 121465, at *16–17 (Davila, J.); *Hendricks v. StarKist Co.*, 30 F. Supp. 3d 917, 926 (N.D. Cal. 2014) (Gonzalez-Rogers, J.); *Hesano v. Iovate Health Scis., Inc.*, No. 13cv1960-WQH-JMA, 2014 U.S. Dist. LEXIS 5924, at *16–18 (S.D. Cal. Jan. 15, 2014) (Hayes, J.); *Ross v. Clover Stornetta Farms*, No. C-13-01517

The Ninth Circuit is unlikely to deviate from the consensus approach. It has already held that "*Buckman* . . . left the door open to state-law claims 'parallel' to federal requirements." *McClellan*, 776 F.3d at 1040–41. It has also already rejected the conclusion "that any use of federal law to establish a [state] standard of care is an attempt to enforce the underlying federal provisions." *Id.* at 1041. That by itself is the death-knell to *Davidson*'s approach.

Defendant "believe[s] that the Ninth Circuit may well affirm in *Davidson*" due to the opinion in *Nexus Pharmaceuticals, Inc., v. Central Admixture Pharmacy Services, Inc.*, 48 F.4th 1040 (9th Cir. 2022). But that case arose in the context of drugs, which are regulated differently (and far more extensively) than food labels, and involved a claim that required determining when compounded drugs need to be subject to the FDA's pre-market approval process, and when they do not. *Id.* at 1043, 1048–50. Indeed, even the Supreme Court has recognized that the FDA plays a much "less extensive role . . . in the regulation of food than in the regulation of drugs," including the lack of any pre-market approval process for food labels, which it found highly relevant to its conclusion that the FDCA did not preclude food mislabeling claims brought under the Lanham Act. *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 109, 116 (2014). *Buckman* itself was tied to the "inherently federal" pre-market approval process for medical devices, and the Ninth Circuit has held that the FDCA does not preempt "a state-law claim that is independent of the

---

EDL, 2014 U.S. Dist. LEXIS 5408, at *27–28 (N.D. Cal. Jan. 14, 2014) (Laporte, J.); *Morgan v. Wallaby Yogurt Co.*, No. 13-cv-00296-WHO, 2013 U.S. Dist. LEXIS 144959, at *21-22 (N.D. Cal. Oct. 4, 2013) (Orrick, J.); *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1117 (N.D. Cal. 2013) (Koh, J.); *Clancy v. Bromley Tea Co.*, 308 F.R.D. 564, 575 (N.D. Cal. 2013) (Tigar, J.); *Trazo v. Nestlé USA, Inc.*, No. 5:12-CV-2272 PSG, 2013 U.S. Dist. LEXIS 113534, at *20-21 (N.D. Cal. Aug. 9, 2013) (Grewal, J.); *Delacruz v. Cytosport, Inc.*, No. C 11-3532 CW, 2012 U.S. Dist. LEXIS 90847, at *20 (N.D. Cal. June 28, 2012) (Wilken, J.); *Hansen Bev. Co. v. Innovation Ventures, LLC*, No. 08-CV-1166-IEG (POR), 2009 U.S. Dist. LEXIS 127605, at *45–47 (S.D. Cal. Dec. 22, 2009) (Gonzalez, J.).

FDA's pre-market approval process that was at issue in *Buckman*." *Stengel*, 704 F.3d at 1233. Nothing in *Nexus* will change that outcome.

### D.    *Nacarino* Does Not Warrant a Stay.

As mentioned above, *Nacarino* does not justify a stay because Plaintiff has not contested dismissal of the one-claim to which that appeal relates and stated that she asserted the claim only to preserve it in case the Ninth Circuit reverses. ECF 21 at 4. There is certainly no reason to stay the pursuit of valid claims just to determine if Plaintiff *might* eventually be able to assert *another* claim too. Defendant argues that the Court should stay the case for potentially a year or more to "prevent the risk that the Court may learn later in these proceedings that the Front Label Protein Claim is not expressly preempted, requiring the parties to re-do discovery, motion practice, and/or expert work." ECF 34 at 2. But Defendant again fails to explain what would have to be "re-done." Though the theory of liability is slightly different from her misleading-by-omission claim, it still involves a challenge that the front label is misleading due to the product's poor protein quality. Thus, discovery between the two claims will largely overlap. *See Brandt*, 2017 U.S. Dist. LEXIS 196364, at *10–11 ("Regardless of how the pending appeal . . . is decided, the parties here will be required to engage in discovery to determine the type of technology used to make the calls."). Moreover, Defendant admits that it calculates the front label claim using the nitrogen-method, so it would not take any "expert work" to prove that aspect of the claim. Any additional discovery that might be required would be small and likely and easy to conduct within a short period of time.

### E.    A Stay Will Harm Plaintiff.

A stay will prejudice Plaintiff and the class because it will unfairly delay adjudication of their claims based on a decision that runs counter to precedent. "If there is even a fair possibility that the stay . . . will work damage to someone else," it is inappropriate. *Landis*, 299 U.S. at 255. If the case is stayed, Plaintiff and the proposed class would be deprived of their right to have their claims timely heard and decided. Courts have repeatedly held that "delaying a plaintiff's day in court constituted substantial injury to the plaintiff." *Bradberry v. T-Mobile USA, Inc.*, No. C 06-6567 CW, 2007 U.S. Dist. LEXIS 58801, at *4 (N.D. Cal. Aug. 2, 2007); *see Edwards*,

193 F. Supp. 3d at 1101 (finding an indefinite stay presents a "fair possibility of harm" to plaintiff); *Lathrop*, 2016 U.S. Dist. LEXIS 2490, at *12 (concluding that plaintiffs in class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate"); *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007) (holding abuse of discretion for lower court to grant stay where plaintiff would be harmed and the stay was indefinite in nature); *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989) ("Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end."). Indeed, this district has held the prejudice to Defendant of denying a stay as to all of a plaintiff's claims *is not as great* as the prejudice to Plaintiff of granting an open-ended stay. *See J. P. v. Cty. of Alameda*, 2018 U.S. Dist. LEXIS 136651, at *6 (N.D. Cal. Aug. 13, 2018).

Furthermore, an extended stay will directly harm Plaintiff's ability to litigate this suit. The "passage of time will make it more difficult to reach the class members and will increase the likelihood that relevant evidence will dissipate." *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-cv-01109-JST, 2017 U.S. Dist. LEXIS 6304, at *9 (N.D. Cal. Jan. 17, 2017). Plaintiff is also seeking injunctive relief. Granting a stay would allow Defendant unhindered ability to continue (or restart) its unlawful business practices despite their assurances that the labels at issue are "historic." *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (finding a delay in injunctive relief against ongoing and future harm is more than a "fair possibility" of harm); *Aldapa v. Fowler Packing Co.*, 2016 U.S. Dist. LEXIS 145746, at *5 (E.D. Cal. Oct. 19, 2016) ("[t]he increased harm a stay would cause to individuals who seek injunctive relief for ongoing violations has been recognized.").

### F. Defendant Has Not Demonstrated That It Will Suffer the Kind of Hardship Sufficient to Prevent This Case from Moving Forward.

Given that Plaintiff has a "fair possibility" of harm that could result from an indefinite stay, Defendant is required under *Landis* to "make out a clear case of hardship or inequity in being required to go forward." 299 U.S. at 254-55; *see also Izor v. Abacus Data Systems, Inc.*, 2019

U.S. Dist. LEXIS 130865, at *11 (N.D. Cal. Aug. 5, 2019). Defendant fails to do so.

Under *Landis,* Defendant fails to argue at all that it will suffer hardship by having to litigate this case. ECF 34 at 4–7. Instead, Defendant merely states that the parties and Court should await *Davidson* "before expending resources." Of course, this is insufficient because "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis.*" *Lockyer*, 398 F.3d at 1112. The Ninth Circuit explained that even if a defendant "must proceed toward trial in the suit" in spite of another proceeding, it does not suffice to establish a *clear* case of hardship. *Id*. Courts in this District routinely enforce this rule. *See DBD Credit Funding LLC v. Silicon Labs., Inc.*, 2016 U.S. Dist. LEXIS 162930, at * (N.D. Cal. Nov. 23, 2016) (loss of time and legal expenses insufficient basis for showing irreparable injury); *Morse v. ServiceMaster Global Holdings, Inc.*, 2013 U.S. Dist. LEXIS 3663, at *3 (finding that Defendants had not demonstrated irreparable injury due to the potential of litigation related expenses); *Jimenez v. Menzies Aviation Inc.*, 2015 U.S. Dist. Lexis 127875, at *10-11 (N.D. Cal. Sep. 23, 2015) (same); *Guifu Li v. A Perfect Day Franchise, Inc.*, 2011 U.S. Dist. LEXIS 60814 at *4–5 (N.D. Cal. June 8, 2011) (same); *Bradberry*, 2007 U.S. Dist. LEXIS 58801, at *3-4 (same).

Ultimately, Defendant does not argue it will suffer any hardship, only that the two cases on appeal will be relevant and resolve some issues in this case in the future. Defendant has failed to meet its burden of "show[ing] that there is a reason [for irreparable harm] specific to his or her case, as opposed to a reason that would apply equally well" to other cases. *Leiva-Perez v. Holder*, 640 F.3d 962, 969 (9th Cir. 2011). Defendant does not point to anything specific other than the possibility of an appellate decision. Appeals, however, are filed in cases every day that could impact pending cases at the trial level. The possibility of intervening law is inherent in every case. Defendant fails to make the required showing of hardship under *Landis*.

### G.   Defendant Has Not Met Its Burden to Show This Is a "Rare" Circumstance.

This case does not present the "rare" situation where a stay based on an appeal of *two* entirely separate cases is warranted. *Landis*, 299 U.S. at 255. Defendant has failed to meet it

burden here, as each of the factors weighs against entering a stay in this case. Defendant's showing of harm consists solely of general assertions about "expending resources," which does not suffice. *Lockyer*, 398 F.3d at 1112. Defendant was obligated to make a showing of clear harm specific to this case because, unlike Defendant, Plaintiff has demonstrated that she will suffer harm should the Court enter a stay. *See Landis*, 299 U.S. at 254–55; *see also Izor*, 2019 U.S. Dist. LEXIS 130865, at *11. An appeal of a single aberrant opinion – an opinion that stands in stark contrast to the host of cases finding to the contrary – should not indefinitely delay Plaintiff from obtaining her day in court. The appeals will easily take a year or more to resolve and are unlikely to come down in Defendant's favor. Should the Ninth Circuit apply the law as it has done so in the past, consistent with this Court's prior reasoning, this case should move forward. Staying this case for multiple years will bring Plaintiff's ability to litigate this lawsuit and obtain injunctive relief on behalf of consumers to a complete halt. Given that a decision in *Davidson* is far from "imminent," a stay is simply not warranted in this lawsuit. Of course, this Court may take appropriate action when those decisions are released. However, staying claims that are valid under current Ninth Circuit law in the meantime is unreasonable.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion.

Dated: April 10, 2023

**GUTRIDE SAFIER LLP**

*/s/Rajiv V. Thairani/*
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
Rajiv Thairani (State Bar No. 344390)
  rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiff*
*Lydia Harville*

# CERTIFICATE OF SERVICE

The undersigned certifies that, on April 10, 2023, the foregoing document was served electronically pursuant to the parties' electronic service agreement.

**GUTRIDE SAFIER LLP**

*/s/Rajiv V. Thairani/*
 Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
 Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
 Hayley Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
 Rajiv Thairani (State Bar No. 344390)
  rajiv@gutridesafier.com
 100 Pine Street, Suite 1250
 San Francisco, CA 94111
 Telephone: (415) 639-9090
 Facsimile:  (415) 449-6469

*Attorneys for Plaintiff*
*Lydia Harville*