UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LYDIA HARVILLE,<br><br>    Plaintiff,<br><br>v.<br><br>THREE WISHES FOODS, INC.,<br><br>    Defendant. | Case No.   5:22-cv-04774-EJD<br><br>**ORDER GRANTING MOTION TO STAY CASE**<br><br>Re: ECF No. 34 |

Before the Court is Defendant Three Wishes Foods Inc.'s ("Three Wishes") Motion to Stay Case pending Ninth Circuit decisions. The Court finds this motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). In consideration of the parties' moving papers and in weighing the competing interests, the Court **GRANTS** the motion and **STAYS** the case.

Plaintiff Lydia Harville brings this class action against Three Wishes seeking redress for the brand's allegedly deceptive practices in labeling and marketing the amount of protein on its cereal packages and unlawfully fortifying its cereal. Compl., ECF No. 1. Three Wishes uses plant-based proteins in its cereal products, such as proteins derived from chickpea, pea, and tapioca. *Id.* ¶ 36. Plaintiffs allege that, on average, plant-based proteins are only 85% digestible. *Id.* ¶ 33. Three Wishes' cereal packaging states that it contains 8 grams of protein per serving on its front label. *Id.* ¶ 22.

According to Harville, the cereals' labels are false or misleading because they do not include statements of the corrected amount of protein calculated using the Protein Digestibility Corrected Amino Acid Score ("PDCAAS") and expressed in %DV, which factors in the quality of

Case No.: 5:22-cv-04774-EJD
ORDER GRANTING MOTION TO STAY CASE

1

the protein source and digestibility of the protein in calculating the amount of protein in a food. *Id.* ¶¶ 45–46, 51. Using the PDCAAS method would purportedly result in calculation of protein that is lower than the 8 grams advertised on the label. *Id.* ¶ 53. Harville also alleges that the cereals are unlawfully fortified "snack products" and therefore the cereals' nutrition labels contain "deceptive and misleading claims." *Id.* ¶¶ 54, 57, 63. The complaint alleges violations of the California Consumers Legal Remedies Act (the "CLRA"), false advertising, and common law fraud and/or misrepresentation.

Three Wishes moved to dismiss the complaint asserting, in part, that Harville's claims are expressly or impliedly preempted by the Federal Food, Drug and Cosmetics Act ("FDCA"). *See* ECF No. 17. This motion is pending before the Court. After moving for dismissal, Three Wishes also moved to stay the case pending the Ninth Circuit's decisions in *Nacarino v. Kashi Company*, No. 22-15377 ("Nacarino"), *Brown v. Kellogg Company*, No. 22-15658 ("Brown"), and *Davidson v. Sprout Foods, Inc.*, No. 22-16656 ("Davidson").[1] *See* ECF No. 34. All three appeals address the preemption issues raised by Three Wishes in this action.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *id.* at 254–55). A stay is appropriate where the moving party demonstrates (1) there is a "fair possibility" of "hardship or inequity," (2) it would not result in "undue delay," or (3) where the court "find[s] it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citations omitted). In addition, "Courts in this district have routinely granted stays where there

---

[1] The Ninth Circuit consolidated the *Nacarino* and *Brown* appeals.

Case No.: 5:22-cv-04774-EJD
ORDER GRANTING MOTION TO STAY CASE
2

are overlapping issues of fact or law with a case before different district courts or on appeal." *Vance v. Google LLC*, No. 5:20-CV-04696-BLF, 2021 WL 534363, at *3 (N.D. Cal. Feb. 12, 2021) (collecting cases).

Turning to the first *Landis* factor, Three Wishes argues that it would suffer "hardship or inequity in being required to go forward" by expending time and resources litigating the action. 299 U.S. at 254–55. Three Wishes asserts that the Ninth Circuit's decisions will determine the viability of three of Harville's five theories of liability,[2] and Three Wishes would therefore suffer hardship in proceeding to litigate theories of liability depending on the outcome of the *Davidson* decision. ECF No. 34 at 4–5. Three Wishes contends that staying the case pending the disposition of *Davidson* would prevent the parties from "engaging in extensive discovery, expert work, and motion practice" on theories of liability that may be invalid. *Id.* at 5. Harville counters that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." ECF No. 43 at 14 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)).

However, "hardship may nonetheless occur where . . . a denial of stay would cause both parties to incur significant expenses on litigation that may be rendered moot." *Vance v. Google LLC*, No. 5:20-CV-04696-BLF, 2021 WL 534363, at *5 (N.D. Cal. Feb. 12, 2021); *see also Lal v. Capital One Fin. Corp.*, No. 16-CV-00674-BLF, 2017 WL 282895 (N.D. Cal. Jan 23, 2017). Harville disagrees, contending that discovery will overlap with the claims that will be unresolved by the appeals. ECF No. 43 at 2–3, 9. Even so, both parties would expend additional resources litigating liability theories that may be preempted. Moreover, continuing litigation also poses "potential for inconsistent rulings and resulting confusion." *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 854 (D. Haw. 2017). For these reasons, the Court finds that this factor weighs slightly in favor of granting a stay.

---

[2] The parties differ in their categorization of the theories of liability. Defendant's motion identifies three theories of liability while Plaintiff categorizes the theories into 5 categories. Under either formulation the majority of Plaintiffs' theories of liability will be addressed on appeal.

Case No.: 5:22-cv-04774-EJD
ORDER GRANTING MOTION TO STAY CASE
3

1    Second, Three Wishes argues that Harville will not suffer prejudice or be unduly delayed by a stay while the appeals are pending. ECF No. 34 at 6. Three Wishes points out that the stay is not open-ended. Both appeals have been briefed and *Nacarino/Brown* has been argued before the Ninth Circuit.[3]

Harville asserts that these decisions will not be "concluded within a reasonable time in relation to the urgency of the claims presented to the court." ECF No. 43 at 7 (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979)). According to Harville, a stay is "indefinite" because appeals are slow and there is no way to determine when the Ninth Circuit will decide the cases. ECF No. 43 at 8. In support, Harville cites *Edwards* where a court in this district found this factor weighed against granting a stay "because it is impossible to predict when the D.C. Circuit will decide the case and, as a result, [] [plaintiff] will be prejudiced in his ability to conduct meaningful discovery." *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1101 (N.D. Cal. 2016). However, *Edwards* is distinguishable because the case on appeal had not been briefed or set for oral argument. Here, the appeals process is much further along, and a ruling is forthcoming in *Nacarino/Brown*.

In addition, Harville asserts that a stay will delay injunctive relief to class members. ECF No. 43 at 13. However, Three Wishes notes that Harville challenges its old cereal labeling; the new cereal labels include the information that is allegedly missing (i.e., the amount of protein calculated using the PDCAAS method and expressed in %DV). ECF No. 34 at 6. Harville also asserts that a delay "makes reaching potential class members more difficult and increases the risk that evidence will dissipate." Opp'n at 3 (citing *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-CV-01109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017). The Court recognizes that there could be some harm to Plaintiff's ability to litigate this suit by staying the case before discovery. Accordingly, this factor weighs slightly against granting the motion.

Finally, the Court finds that the third *Landis* factor weighs heavily in favor of granting a

---

[3] According to the Ninth Circuit's docket, *Davidson* is being considered for an upcoming oral argument calendar in October 2023.

Case No.: 5:22-cv-04774-EJD
ORDER GRANTING MOTION TO STAY CASE
4

stay. The third factor considers "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–55). Although the appeals do not address every theory of liability raised by Harville, the Ninth Circuit's decisions will nonetheless provide guidance to this Court. *See Roffman v. Rebbl, Inc.*, No. 22-CV-05290-JSW, 2023 WL 4186011, at *2 (N.D. Cal. June 26, 2023) (finding the third *Landis* factor weighs in favor of a stay and staying the action alleging similar claims pending the disposition of *Davidson* and *Nacarino/Brown*).

Additionally, Harville asserts that the Court should deny the motion because Three Wishes has failed to meet its burden to show this is a "rare circumstance" where is a stay is warranted. ECF No. 43 at 14–15. This argument is not persuasive. Indeed, "[c]ourts in this district have routinely granted stays where there are overlapping issues of fact or law with a case before different district courts or on appeal." *Vance*, 2021 WL 534363, at *3 (collecting cases).

For the forgoing reasons, Three Wishes' motion is **GRANTED** and the case is **STAYED**. The parties are ordered to file status reports regarding the status of the proceedings before the Ninth Circuit every 180 days. This Order does not preclude any party from moving to lift the stay before the appeals are resolved.

This Order terminates ECF No. 17. Three Wishes may re-notice the motion to dismiss once the stay is lifted.

**IT IS SO ORDERED.**

Dated: July 13, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-04774-EJD
ORDER GRANTING MOTION TO STAY CASE
5